7912

## BARTOLI MOSAIC AND TILE CO. v. GRANDY & SON.

VERDICT.—The evidence in reference to the contract for tile work in this case being capable of more than one inference, it was error to direct a verdict.

Before GARY, J., Greenville, November, 1910.   Reversed.

Action by Bartoli Mosaic and Tile Company against John F. Grandy & Son and the Greenville Hotel Company.   Plaintiff appeals.

*Mr. Wm. G. Sirrine,* for appellant.   No citations.

*Messrs. Haynesworth & Haynesworth,* contra, cite: *A fixed custom or usage must be pleaded:* 23 Ind. 399; 5 Gratt. 24; 3 Leigh 196; 12 Cal. 534; 63 Ala. 656; 2 L. R. A. 709. *And such custom must be known by the other contracting party:* 1 Mill 308; 81 S. C. 432; 1 Spears 249; 3 McC. 121; 6 How. 248; 8 How. 83; 1 Strob. 203; Dud. 163; 30 Am. Dec. 698. *General custom is only admissible to remove ambiguities and uncertainties in contracts:* 100 U. S. 92; 44 S. C. 227; 10 Wall. 390; 23 Wall. 492; 5 Wall. 663; 1 Wall. 456. *If contract is ambiguous that construction most favorable to defendants should be adopted:* 33 Am. Dec. 298; 75 Am. Dec. 590; 65 Am. St. R. 472; 70 Am. St. R. 596; 148 Ill. App. 444; 88 Am. Dec. 337; 51 So. 853; 50 N. E. 1062; 47 N. Y. S. 475.

May 11, 1911.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action against John F. Grandy & Son and Greenville Hotel Company, to recover the sum of $248.62 for work done by L. Bartoli, on the Ottaray Hotel, Greenville, S. C.

The Greenville Hotel Company awarded the contract, for the erection of said hotel, to John F. Grandy & Son, who in

turn awarded to Bartoli, the contract for all tiling work in the hotel, specified in the original contract, between John F. Grandy & Son and the hotel company.

This original contract did not call for tile floors and bases, in the bathrooms, but subsequently it was decided to have such work done by contract.

At a meeting for this purpose, the following persons were present: Bartoli, one of the Grandys, A. A. Bristow and D. W. Ebaugh—the two last mentioned representing a majority of the building committee of the hotel company—and they entered into a contract, the provisions of which are in dispute.

After the completion of the hotel, and the settlement between the hotel company and Grandy & Son, there remained due from Grandy to Bartoli, on account of work done under the original contract, the sum of $44. This sum John F. Grandy & Son tendered to Bartoli, but the latter refused to accept it, claiming that there was an additional sum due him, amounting in all to $248.62, and upon the defendant's refusing to pay the latter sum, this action was begun.

On the trial of the case, it was contended, on behalf of plaintiff, that the work done on the base of the walls, should be paid for, at the price of 26 cents per lineal foot, which contention, if correct, would entitle plaintiff to a judgment for the full amount asked for. On the other hand, it was contended on the part of the defendants, that this work was to have been paid for, on the basis of 26 cents per square foot. If the latter contention is correct, it appears that the plaintiff has been paid in full, with the exception of the item of $44, for work done under the original contract.

The record contains the following statement:

"The jury after retiring to consider the case, returned and announced to the Court that they had been unable to arrive at a verdict.

"By Mr. Haynesworth: I move the Court to direct a verdict in this case, except for $44.

"By the Court: I think that is what you are entitled to, so I will direct the verdict for you.   Write out the verdict, Mr. Haynesworth."

This amount was for other work than the tiling, and was not disputed.

The plaintiff appealed upon exceptions, which raise, practically, the single question, whether there was any testimony whatever tending to show, that the work done on the base of the walls, was to be paid for, at a higher price than 26 cents per square foot.

P. M. Feltham, a civil engineer, thus testified as a witness for the plaintiff:

"What is the usual method of computation to measure the base as distinguished from the method of measuring the floor?   You measure the base by the lineal foot, and the floor by the square foot.

"Objected to by Mr. Haynesworth: He is measuring under a contract, and the terms of the contract, would determine that question.

"By the Court: He can prove what this base tarraza was, and estimate the value of it."

Cross-examination:

"You mean to say that according to Bartoli's claim, it was two hundred and forty odd dollars?   No, sir; Grandy and I figured this together, and by our figures, made the calculation.

"Didn't the whole difference arise between Bartoli and the Greenville Hotel Company, with reference to the measurements of the bases?   My understanding, of course, I was not present, my understanding was that the dispute arose, in the difference of the height of the bases.

"If the hotel company was right about this claim, there would be nothing—there is where the difference arose, the

difference in the measurement? Yes, sir. There being no written contract I understood it."

D. W. Ebaugh, vice president of the Greenville Hotel Company, thus testified in behalf of the defendants:

"Mr. Bartoli came over and we had a meeting with him at the old board of trade rooms. We asked him what the work would be worth, and as near as I remember it, the work was twenty-six cents a square foot. As I understood you asked him specially, with reference to the bases? Yes, sir. What did he say? He said it was all the same price. What was that? Twenty-six cents a square foot."

Cross-examination:

"You asked how much the work was a square foot? Yes, sir. It was twenty-six cents? Yes, sir. The floor? Yes, sir. Then you afterwards asked him (Bartoli) how much the base was? Asked him how much the washboard was. And didn't he say twenty-six cents the same? I can't remember that distinctly. I understood it to be the same price. I am asking you, didn't he say twenty-six cents? I can't recollect that just now. You didn't give it any particular significance, did you? No, sir."

A. A. Bristow, president of the Greenville Hotel Company, thus testified as a witness for the defendants:

"Were you present when the arrangement was made with Mr. Bartoli, to do this mosaic work? Yes, sir. Just tell what took place at that meeting? Well, we had a meeting, and I think considered it. Mr. Ebaugh, myself and Mr. Grandy, and Mr. Bartoli, I guess it was, I can't say positive, he or his representative, in regard to putting the tarraza tiles in the bathroom at the hotel, the price agreed on was twenty-six cents, to my recollection, a square foot. That was about all there is to it. Didn't you ask him something about the floor? State whether or not the question was asked him, what would be the charge for the bases? Mr. Ebaugh asked him if it made any difference whether it was four or eight inches. He said no, it was all the same price.

What was that price? Twenty-six cents a square foot. What was the height of the base? I can't tell you what the height of it is. According to the contention of the hotel company as to the price to be paid, has the hotel company paid in full? I can't answer that."

Cross-examination:

"The conversation you refer to is the one that took place between Mr. Ebaugh and Mr. Bartoli? Yes, sir. Mr. Ebaugh is the man who asked him about the bases, how much for the base? Yes, sir. He said twenty-six cents a square foot, or something like that? The same price."

Let us first consider the status of the case, at the close of the plaintiff's testimony. It shows that the work was done by the plaintiff; that the usual method of computation is to measure the base by lineal measure, and the floor by the square foot; that the calculation made by Bartoli, and the witness, Feltham, showed that the work was worth more than $240.00. It is true the defendants' attorneys made objection to the testimony, as to the usual method of measuring the base and the floor, but the objection was not sustained.

In overruling the objection, his Honor, the presiding Judge, said: "He can prove what this base tarraza was, and estimate the value of it."

If the defendants had then made a motion for a nonsuit, it could not properly have been sustained. Until the presiding Judge reversed his ruling, as to the admissibility of the testimony, or until the objection to it, was sustained on appeal, it was necessary to consider such testimony.

The defendants undertook to destroy the effect of the plaintiff's testimony, by examining as witnesses, the president and vice president of the hotel company.

Neither of them, however, seems to have been able to state, positively, the terms of the verbal contract, that was made with Bartoli and when their testimony is considered, in con-

nection with the testimony in behalf of the plaintiff, it is susceptible of more than one inference.

It was therefore error to direct the verdict herein.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.